IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DONALD T. BOGGESS,**

    Plaintiff,

v.                                                     Civil Action No. 5:16-cv-154
                                                           (BAILEY)

**WARREN DISTRIBUTION, INC.,**

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING WARREN DISTRIBUTION, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Currently pending before this Court is defendant Warren Distribution, Inc.'s ("defendant" or "Warren Distribution") Motion to Dismiss for Failure to State a Claim [Doc. 4], filed on October 7, 2016. For the reasons set forth below, this Court denies Warren Distribution's Motion to Dismiss.

**I. BACKGROUND**:

Plaintiff Donald T. Boggess ("plaintiff" or "Boggess") initially filed this Complaint in the Circuit Court of Marshall County on September 1, 2016 [Doc. 1-1]. In the Complaint, Boggess alleges that he was employed by Warren Distribution "on the pack line," from April 25, 2011 to September 5, 2014, and that he was paid an hourly wage plus benefits [Doc. 1-1 at ¶ 4]. Boggess further represents that from March 2014 to June 9, 2014, he had to take a medical leave of absence from Warren Distribution due to an eye condition [Id. at ¶ 5]. Yet, "[w]hen plaintiff returned to work from his medical leave, he was [allegedly] subject to discrimination and harassment from agents and supervisors of the defendant as a result of plaintiff's medical disability . . . in the type of assigned job duties, assigned

- 1 -

positions, assigned shifts, and other conditions of employment" [Id. at ¶ 6]. Warren Distribution then allegedly constructively discharged Boggess on September 5, 2014, by making plaintiff's "working conditions so intolerable that it was reasonable for plaintiff to leave the employment of defendant rather than endure such conditions" [Id. at ¶ 8]. As such, Warren Distribution allegedly discriminated against Boggess in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-9, [Id. at ¶ 7]. Plaintiff now seeks punitive damages, lost wages and benefits, emotional distress damages, and costs and fees for attorney's fees and expenses [Id. at ¶ 9-10]

On September 30, 2016, Warren Distribution removed this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and invoked this Court's diversity jurisdiction [Doc. 1]. Warren Distribution then filed its Motion to Dismiss on October 7, 2016 [Doc. 6]. In support of its Motion to Dismiss, Warren Distribution argues that all of the plaintiff's claims should be dismissed pursuant to F. R. Civ. P. 12(b)(6) for failure to state a plausible claim upon which relief can be granted [Doc. 5 at 2]. The arguments made in Warren Distribution's Motion to Dismiss will be discussed more extensively below.

## II. LEGAL STANDARD:

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most

favorable to the plaintiffs. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

### III.  DISCUSSION:

Warren Distribution moves to dismiss Boggess' Complaint, arguing that the claims alleged therein have not been sufficiently pled because the Complaint, "consists largely of legal conclusion and very few facts" [Doc. 5 at 4]. First, Warren Distribution argues that plaintiff alleges that he was subjected to discriminatory actions without providing any supporting facts [Id.]. As a result, Warren Distribution contends that nearly half of Boggess' Complaint must be disregarded as it constitutes solely legal conclusion [Id.]. Warren Distribution then contends that the remainder of the Complaint does not state a claim upon which relief can be granted [Id.]. However, defendant's contentions are misplaced, as the Complaint clearly provides "fair notice" of the basis for Boggess' claim. *See Twombly*, 550 U.S. at 555.

First, this Court notes that the West Virginia Code "prohibits any person who is an employer from discriminating against any 'individual' regarding his or her employment

opportunities irrespective of whether the individual is an employee of or seeks work with that employer. Syl. Pt. 8, **Conrad v. Ara Szabo**, 198 W. Va. 362, 480 S.E.2d 801 (1996), *citing* W.Va. Code § 5-11-9(1). As the Honorable Charles H. Haden II, noted in **Ruckel v. Sears, Roebuck & Co.**, 287 F.Supp.2d 652, 655 (S.D. W.Va. Oct. 20, 2003), an individual is considered disabled for the purposes of the West Virginia Human Rights Act if he or she either: "(1) has a physical or mental impairment substantially limiting one or more major life activities (disabled in fact); or (2) is either correctly or incorrectly regarded as having an impairment and/or substantial limitation (regarded as disabled)." *citing* Syl. Pt. 3, **Stone v. St. Joseph's Hosp.**, 208 W. Va. 91, 538 S.E.2d 389 (2000). "Whether a person is a 'person with a disability within the meaning of the law' is ordinarily an issue of fact for a properly instructed jury or other fact-finder applying the definitional test set forth in the statute and implementing regulations." Sly. Pt. 4, **Stone**, 208 W. Va. 91, 538 S.E.2d 389.

Here, plaintiff notes in his Complaint that from March 2014 to June 9, 2014, he had to take a medical leave of absence from Warren Distribution due to an eye condition [Doc. 1-1 at ¶ 5]. As noted above, under West Virginia law, whether plaintiff's eye condition could be considered a disability, thereby triggering the protections of the West Virginia Human Rights Act, is an issue of fact for the jury. Accordingly, insofar as Warren Distribution seeks to dismiss plaintiff's Complaint because paragraph 5 does not state a claim for relief, that argument is premature as the issue of whether plaintiff was disabled is ordinarily an issue to be decided by the jury.

Next, there are three distinct causes of action under W. Va. Code § 5–11–9(7)(A):

"[U]nless based upon a bona fide occupational qualification, or except where

> based upon applicable security regulations established by the United States or the state of West Virginia or its agencies or political subdivisions, it is an unlawful discriminatory practice for any person, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution to: (1) engage in any form of threats or reprisal, or; (2) engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss, or (3) aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in W. Va. Code § 5–11–9."

Syl. Pt. 5, ***Michael v. Appalachian Heating, LLC***, 226 W. Va. 394, 395, 701 S.E.2d 116, 117 (2010); *see also* ***McClain v. Applebee's of Virginia, Inc.***, 2010 WL 5464236 (N.D. W.Va. Dec. 30, 2010) (Bailey, J.)

After careful review of the Complaint, this Court finds that plaintiff has stated a potential right to relief under one of these causes of action against Warren Distribution. For example, where plaintiff alleges that he was, "subject to discrimination and harassment from agents and supervisors of the defendant as a result of plaintiff's medical disability . . . in the type of assigned job duties, assigned positions, assigned shifts, and other conditions of employment," he has described a number of mechanisms by which Warren Distribution allegedly discriminated against him [Id. at ¶ 6]. The same may be said of paragraph 8 of the Complaint, where plaintiff alleges that he was constructively discharged by defendant on September 5, 2014, because, "it was reasonable for plaintiff to leave the employment of defendant rather than endure such conditions" [Id. at ¶ 8]. These statements are not entirely legal conclusions, but, when viewed in the context of the entire Complaint, give a general overview of the types of discrimination which plaintiff allegedly faced. This Court is satisfied that these paragraphs, along with paragraphs 7 and 9, "give the defendant fair notice of what the claim is and the grounds upon which it rests,"

*Twombly*, 550 U.S. at 555 (internal citations omitted). As such, Boggess has set forth a plausible claim for relief, and defendant's contentions to the contrary are unavailing.

### IV. CONCLUSION:

In conclusion, this Court finds that defendant Warren Distribution's Motion to Dismiss for Failure to State a Claim **[Doc. 4]** is **DENIED**, and this matter may proceed in due course.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: October 24, 2016

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE